United States District Court
Southern District of Texas
**ENTERED**
April 09, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WHC HTX, LLC,          § | |
|    *Plaintiff*,          § | |
| § | |
| v.          § | Civil Action H-24-4954 |
| § | |
| Yellow Cab, Inc. and          § | |
| Gawad Akbari          § | |
|    *Defendants*.          § | |

### ORDER DENYING MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS

Pending before the court is Plaintiff's Motion to Dismiss Defendants' Counterclaim for Failure to State a Claim. ECF No. 15. Plaintiff argues that Defendants' counterclaims should be dismissed because they are duplicative of claims Plaintiff has already alleged in its Complaint. Defendants argue that the "mirror image" rule does not universally apply in intellectual property cases. The motion is **DENIED** for essentially the reasons set forth in a nearly identical case that the undersigned recently decided. *See ASG Chem. Holdings, LLC v. Bisley Int'l, LLC*, No. H-23-4333, 2024 WL 5036567 (S.D. Tex. Nov. 18, 2024), *M&R adopted*, 2025 WL 50268 (S.D. Tex. Jan. 8, 2025).

Denial of the motion is without prejudice to Plaintiff re-urging the same arguments later in the case. "[E]arly dismissal of a counterclaim under Rule 12[] might be premature in some cases." *Stickrath v. Globalstar, Inc.*, No. C07-1941 TEH, 2008 WL 2050990, at *5 (N.D. Cal. May 13, 2008). It can be very difficult to determine whether a declaratory judgment counterclaim is redundant before trial. "Thus, the safer course for the court to follow is to deny a request to dismiss a counterclaim for declaratory

relief unless there is no doubt that it will be rendered moot by the adjudication of the main action." 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1406 (3d ed. 2024).

Signed at Houston, Texas on April 9, 2025.

_____
Peter Bray
United States Magistrate Judge